EBEN B. CROCKER & another *vs.* LAWSON B. STONE &
another. EDWARD C. BATES & others *vs.* THE SAME.

Under *St.* 1844, *c.* 178, § 4, the dissent of a majority in value of the creditors of
an insolvent debtor, who have proved their claims, must be filed within six
months after the assignment, in order to defeat his discharge.

No discharge in insolvency is valid, even as against a creditor who proves his
claim, and is himself the assignee, unless the third meeting of the creditors is
held within six months from the time of the assignee's appointment.

THESE were actions of assumpsit, tried together in the
court of common pleas, before *Wells,* C. J. The defendant
Stocker was defaulted.

The defendant Stone relied upon a discharge under the
insolvent laws of this state, which, if valid, would release him
from the debts on which these actions were brought.

29*

Crocker & others *v.* Stone & another.

The plaintiffs, to rebut this discharge, offered in evidence the record of the insolvency proceedings, under which the discharge was obtained, from which the following facts appeared : Stone petitioned for the benefit of the insolvent laws, on the 23d day of September, 1847. The first publication of notice was on the 27th of September, 1847 ; and the first meeting of creditors was held on the 7th of October, 1847 ; at which meeting the plaintiffs severally proved the claims sought to be recovered in these actions. No other claims were proved, except at the third meeting. At the first meeting, the plaintiffs elected said Edward C. Bates assignee, who accepted the trust, and was appointed assignee. The second meeting of the creditors was holden on the 15th, and by adjournment on the 18th of October, 1847. The third meeting of creditors was holden on the 15th of April, 1848, pursuant to an order passed by the master on the 24th of March, 1848, and was adjourned to the 7th of August, 1848, when the discharge, set up in defence of these actions, was granted to the defendant Stone by the master, in the form prescribed by law. No dividend has been declared, and the assignee has not received any moneys from which one can be made, and has rendered no account. On the 11th of April, 1848, all the creditors, who had proved their claims, filed with the master the following protest, signed by them : " The undersigned creditors of said Stone, who have proved their claims, do hereby protest and object against the grant of any certificate of discharge to the said Stone. Dated this twenty third day of March, A. D. 1848."

The presiding judge instructed the jury, that the discharge was, under the circumstances, invalid, and no sufficient defence to these actions. Whereupon the jury returned a verdict for the plaintiffs in each case, and the defendant excepted.

*R. F. Fuller,* for Stone. The creditors not having filed their dissent within six months, and thus complied with the condition of *St.* 1844, *c.* 178, § 4, their subsequent dissent was unavailing. *In re Pulver,* 6 .Wend. 632. The language of *St.* 1838, *c.* 163, § 12, is satisfied, if the third meeting of creditors is "appointed"

and " called " within six months from the appointment of the assignee ; it need not be actually held within that period. The discharge is to be granted at the third meeting, and cannot be granted till the lapse of six months after the assignment; therefore the third meeting should not be held till the six months have elapsed. *Eastman* v. *Hillard,* 7 Met. 420. If the third meeting is not held precisely at the time directed by the statute, the proceedings are not thereby vitiated, unless some party is prejudiced. *Ex parte East,* 3 Mont. Dea. & De Gex, 321 ; *St.* 5 Geo. 2, *c.* 30, § 2.

If the proceedings as to the third meeting were irregular, the discharge will not thereby be avoided as against a party not prejudiced. The alleged irregularity was in no way attributable to the debtor, but arose from causes beyond his control. *St.* 1838, *c.* 163, § 12; 2 Dwarris on Statutes, 641 · Broom's Leg. Max. (1st ed.) 111.

The plaintiffs, by availing themselves, without objection, of all the benefits the proceedings in insolvency were designed to confer, have waived the irregularity. *Sanderson* v. *Taylor,* 1 Cush. 87 ; 1 Greenl. Ev. § 207 ; *Like* v. *Howe,* 6 Esp. R. 20 ; *Flower* v. *Herbert,* 2 Ves. Sen. 326 ; *Clarke* v. *Clarke,* 6 Esp. R. 61 ; *Goldie* v. *Gunston,* 4 Campb. 381 ; *Watson* v. *Wace,* 5 B. & C. 153 ; *Rankin* v. *Horner,* 16 East, 191 ; *Walker* v. *Burnell,* 1 Doug. 317 ; *Collins* v. *Forbes,* 3 T. R. 316, 322. It was the duty of the assignee to move the master to the appointment of the third meeting at the proper period, and he cannot object to a defect occasioned by his fault. *St.* 1838, *c.* 163, § 12. The assignee is one of the plaintiffs, and appointed by the votes of all the others, and so their agent; they can take no advantage of his wrong.

*A. H. Fiske,* for the plaintiffs.

The opinion was delivered at March term, 1852.

BIGELOW, J.* These are actions of assumpsit, in which one of the defendants, Stone, relies upon his discharge under the insolvent laws, as a defence. The plaintiffs object to the validity of the discharge, upon two grounds. The first objection

---

* FLETCHER, J., did not sit in these cases

is, that a majority, in value, of creditors, filed their dissent to such discharge, according to *St.* 1844, *c.* 178, § 4. The assignment bore date of the 7th of October, 1847; the dissent to the defendant's discharge was filed on the 11th of April, 1848. The statute requires such dissent to be signified within six months after the date of the assignment. In the present case, more than six months had expired before it was filed. The statute is explicit, and recognizes no exception. The creditors of the defendant, not having complied with it, cannot invalidate the debtor's discharge upon this ground.

The remaining objection to the validity of that discharge is of a more serious character. It is, that the third meeting of the creditors was not held within six months from the time of the appointment of an assignee. It appears, by the record of the insolvent proceedings, that the assignee was appointed on the 7th of October, 1847, and the third meeting was called and held on the 15th of April, 1848. It has already been decided in *Sanderson* v. *Taylor*, 1 Cush. 87, that the twelfth section of the original insolvent act (*St.* 1838, *c.* 163,) requiring the third meeting to be called within six months from the time of the appointment of assignees, was not repealed by *St.* 1844, *c.* 178. See also *Eastman* v. *Hillard*, 7 Met. 420. In this case, therefore, there was an omission to comply with the requisitions of the statute; more than six months having expired after the appointment of assignees before the third meeting was held. It was also decided in *Sanderson* v. *Taylor*, that a discharge was invalid, as against a creditor who had not proved his claim, if no third meeting had been held; and in *Williams* v. *Robinson*, 4 Cush. 529, it was determined that a discharge granted at a meeting of creditors called after the expiration of six months from the appointment of assignees was void. The reasons for that decision are fully stated in the opinion of the court in that case, and it is not necessary to repeat them. We consider it, therefore, an adjudged point, that no discharge is valid, when the third meeting is not held within six months from the time of the appointment of assignees. It has been found necessary, for the due and orderly conduct of insolvent

proceedings, and essential to the rights of creditors, to give this construction to the statutes, and it must, therefore, be the rule to govern all cases, although the reasons on which it is founded, may not apply with equal force to particular cases as they arise.

It was urged, at the argument, that the plaintiffs were precluded from invalidating the discharge of the defendant on this ground, because, by proving their claims against the estate of the insolvent, they had waived all irregularity in the proceedings. It is a sufficient answer to this objection, to say, that creditors are not responsible for the regularity of proceedings, which they cannot control, and which are to take place subsequently to their proof of claims. It was not their duty to call the third meeting. They might well suppose that the provisions of the statute would be complied with by those whose duty and interest it was to see them carried into effect. They might well prove their claims, without prejudice to their right to avoid the discharge, if, by future omissions or neglects, it should be rendered invalid. This point is also substantially determined in *Morse* v. *Reed*, 13 Met. 62. Nor can it avail the defendant, that it was not his fault that the third meeting was not seasonably called and held. We cannot know who is responsible for the omission. It is sufficient for the decision of this case, that the defendant fails to show a valid discharge. *Williams* v. *Robinson*, 4 Cush. 529. It was urged at the argument, that one of the plaintiffs in the second action was the assignee, and that he was, therefore, estopped from objecting to the defendant's discharge upon the ground before stated. But it is not by the statute made the duty of the assignee, of his own motion, to call the third meeting. He is only bound to call it " at such time as shall be appointed by the judge." He cannot be prejudiced in his rights for a neglect or omission of duty which devolved upon others. If it had been shown that the assignee, by any default of his own, had failed to call the third meeting in due season, the argument would have been quite decisive. But so far as the facts in the present case show, the assignee discharged his duty by calling the meeting at the time appointed by the master in chancery                    *Exceptions overruled.*